Good morning. The last case on the calendar is Jacob Zoe Thomas Rensel v. Centra Tech, Inc. Mr. Carrillo and Mr. Carriglio, are you both ready to go? Proceed? Yes, Your Honor. Yes, Your Honor. Thank you. All right, Mr. Carrillo, would you like to save four minutes for rebuttal? I would, yes. All right, thank you. Perfect. You may proceed. Thank you. Good morning, Your Honors. May it please the court, my name is John Carrillo from the law firm of Zelle LLP, and I represent the appellants today. This is a class action involving a massive fraudulent scheme to induce victims to invest more than $30 million worth of cryptocurrency in unregistered securities offered and sold by the defendant appellant, Centra Tech. The first decision at issue on appeal is the district court's order denying plaintiffs initial motion for class certification on the grounds that one, the plaintiffs had not demonstrated that the proposed class was ascertainable based on a failure to prove administrative feasibility, which is a standard that this court recently made clear in Cherry v. Dometic is not a requirement for certification under Rule 23. And two, that the motion was untimely, despite it having been filed early in the procedural history of the case, and the fact that there was no local rule or scheduling order setting a deadline under which the motion could have been deemed untimely under. The second decision at issue before you is the district court's subsequent refusal to consider plaintiffs' renewed motion for class certification under Rule 23, despite expressly authorizing its filing. With respect to the first order, the district court erred in holding that plaintiffs had not demonstrated that the proposed classes were ascertainable because its determination was premised on the notion that plaintiffs had failed to prove administrative feasibility. Under this court's precedent, an error of law is a per se abuse of discretion. As this court recently made clear in Cherry v. Dometic, proof of administrative feasibility cannot be a precondition for class certification. Accordingly, the district court made an error of law, it was an abuse of discretion, and because of this, if this court finds that the district court's denial of the motion to certify on timeliness grounds was also an abuse of discretion, and we believe that it was, then the order should be vacated and this case should be remanded. It would help me, counsel, if what you did, this is Judge Marcus, is if you address the alternative holding about the failure of timeliness. I was on the Cherry v. Dometic panel. I'm very familiar with the case. And just speaking for myself, there's no question that Cherry rejects the reliance that the district judge put on that unpublished circuit opinion. So, go to the timeliness issue for me. That seems to me to be where the real action is in this case. I agree, Your Honor. So, with respect to the timeliness issue, the district court's analysis was inconsistent with Rule 23, inconsistent with the Southern District of Florida's local rules, and failed to account for, or even consider the procedural history of the case and how that affected the timing of when plaintiffs could realistically move for class certification. With respect to the first point, rather than acknowledge the wealth of authority detailing the flexibility that Rule 23 provides with respect to the timing of class certification, the district court relied on local rules from the Middle and Northern Districts of Florida, which require that a motion to certify be filed within 90 days of an action being initiated. And that's despite the Southern District of Florida's local rules not containing any such rule. This was an error in our view because local rules that require a motion to certify be filed within 90 days of an action being initiated are in direct conflict with Rule 23 after its 2003 amendments. It is for this reason that the Southern District of Florida removed a corresponding 90-day filing requirement from its local rules in 2004. And it is also for this reason why the Middle District of Florida also recently removed the 90-day filing requirement in their rules, which became effective last month on February 1st. Here, there were no local rules under which the motion to certify could have been deemed untimely under, and there was no order or scheduling order in place. And the scheduling order issue is of particular importance here because the parties expressly requested that the court enter a scheduling order, which would include dates for briefing on class certification, class discovery, and the district court failed to enter one. And despite the foregoing, the district court completely ignored the procedural history of the case, not only the scheduling order issue, but also the fact that this case is governed by the Private Securities Litigation Reform Act, which imposed other procedural hurdles that increased or lengthened the amount of time that it would have taken for plaintiffs to be able to move for class certification. And on top of that, the district court ignored the fact that there was no pre-class certification discovery taken whatsoever. There was no... That it's clear now that if you can't tell from the face of the pleadings, that just limited discovery is allowed. That's correct, Your Honor. And throughout the entire proceeding, we were operating under that very impression. It wasn't until the district court ordered us to move for default judgment that we realized that we had to move to certify without obtaining any discovery whatsoever. Before then, the magistrate entered a report and recommendation, which was adopted, which expressly stated that after the district court ruled on the pending motion to dismiss, that discovery would commence on a single track and we would be proceeding as such. But that just didn't happen here. Did you ever explain to the district court why you waited until the 13th of June of 19 to perfect your motion for class certification? That is to say, did you say to him, hey, look, for 14 months, discovery was necessarily stayed by operation of statute? Well, we explained that in great detail in our renewed motion for class certification. I understand the renewed motion, but I'm talking about ab initio when you file a motion for class certification on June the 13th. Did you say to the district judge in words or substance, the reason for why I've waited as long as I have to file it is because this case has been stayed for 14 months of the operative 18 months since the opening bell was wrong or anything like that. I don't believe that we made that argument in our initial motion. However, we were operating on the under the impression that the district court was fully aware of this because shortly after the case was reassigned to Judge Scola. He ordered the he ordered the parties to file a rule 26, a 26 F report with a proposed schedule in that proposed schedule or in that rule 26 F report. The parties both discussed the PSR stay and how discovered schedule could not be set until the motions dismissed were adjudicated. In response to that, the district court directed the magistrate to issue a report and recommendation as to the scope of the discovery state and how long that would be in effect. And whether it applied to defendants that didn't have pending motion dismissed equally, and the magistrate issued that report and recommendation detailing how the how discovery has been stayed throughout the entire litigation in April of 2019, and the district Let me ask you this question, the statute itself at issue 15 USC section 78 you for provides in class actions for the following. It says unambiguously all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party. I take it in this case, there was no finding by the district court that particularized discovery was necessary, either to preserve evidence or prevent undue prejudice that never happened here. There was no finding by the district court. So help me with the timeline. And let me ask you if I have it right. The initial complaint is filed December 17 2017 in the southern district of Florida, that's the one that named only one defendant in the case. Is that right to say it was just center tech was the only name defendant at that point. No, so it was center tech, and the three co founders and a figurehead. Okay, and then you added a couple of other defendants in the amendation later. Right. Okay. Between December 17 2017 and February 2, which is the date that was triggered because it was then that there was a motion to dismiss. Right. Did anything else happen other than the motion to dismiss. Your second between the 17th of December, and the second of February. Yes, there was active litigation throughout the entire time. Immediately when we filed the initial complaint we also filed a TRO application for an asset freeze, and we went down to those. I'm sorry, did the district court rule on those applications. No, but an agreement was reached during a hearing on the TRO application that was early December. Is the operation of the stay. And obviously there was a stay in place for an extended period of time. The stay would have been in place if I have it right from February 2 of 2018. Until the September the 25th, 18, when the district court granted the motion to amend and deny the motion to dismiss this loop right. Yes, but there's various district courts that have held that the I'm not asking I'm not asking for argument about I just want to make sure I have the timeframe right. So between the second of February, and September the 25th of 18, all discovery and proceedings had been stayed right at minimum, yes. However, there are many courts that hold that the help me with. All I want you to do is help me with the timeframe. Then there is a amended motion amended complaint filed on October the night. And the case is again stayed. Is it not. Yes. And how long does that stay. How long is that stay in effect. That's days in effect until June 10 of 2019. It was June the seventh. When the district court asked you to pursue the claims against the defendant shots and directed you to follow the full judgment by June the 20th. So at that time, defendant shots motion to dismiss was still pending and because of that, the stay was still in effect until the last month. Yeah, I understand. I thought the last motion to dismiss was resolved denied on June 7. I believe it was June 10, but throughout that period of time, all discovery and other proceedings were stayed during the period that the stay was in effect pursuant to the 78 you for of title 15 of the US code. Could you have filed a motion, seeking class certification. It might have made no sense but could you have done that I'm just asking as a legal matter. Did the stay in all proceedings. Stay your ability to file a motion for class certification during that 14 month period of the 18 months. There's a split on interpreting how that language is applied. Some courts hold that other proceedings means literally other all other proceedings and others do not. In this case, the magistrate found that other proceedings only means other proceedings with respect to discovery. We publish a case on that, on what it means. No, I do not believe so. Thank you. You've answered my question. Mr carry out will allow you your remaining four minutes for rebuttal now we're here for Mr. Good morning. Morning may please support the district court was well within its discretion to determine that the plaintiff's motion for class certification was not timely filed here we had an 18 month delay between the filing of the complaint, and the motion to certify the class that was filed. Let me just ask you a prefatory question I take it you agree. The other issue the other holding is no longer with us given what we wrote in cherry judge it, it appears that way based on me and I was involved in that case so that so seems to me the only issue is the courts alternative holding that the motion for certification was too late, it was untimely. Do you disagree with that. Based on the holding and demand attack unless there was an end bank ruling. That's the law we're bound by at this point, until or unless this court and Bob would say it's bad law, or until and unless the Supreme Court were to reject. So, the issue here is, is timeliness. Let me ask just one question about timeliness and I, I went over the, the calendar of events the timeline, very carefully and ask myself one question. When would it have been timely for them to have sorts of certification here. When would when should they have done it. They saw it on the 13th of June of 2019. And the district court said too late, you lose, not timely. The case has been pending almost 18 months. The reason I asked it is during that 18 month period, at least 14 months, maybe 14 and a half months were consumed with a stay, certainly covering discovery, maybe other things but certainly discovery. When should they have filed this to make it timely. Well, the rule says that in early practicable time, there's no bright line case law on what's an early practical time but I think from the facts and it's case specific issue has to decide the matter within practical time, the way this drafted is it puts the burden, interestingly enough, on the court, not on the party seeking class certification. So the courts got to do that, but I'm asking you to tell me if they had filed this motion. For example, between December 17 2017 when the initial complaint was filed and February 2 when the motion to dismiss was filed that they had sort of class certification. It's almost certainly true that the trial court if not you would have said it's premature to address the motion at this point, because there's been no discovery and you may not be able to answer the question from the four corners of the complaint. So if they had filed it between the 17th of December 2017 and February 2 2018, that would have been premature, wouldn't it. No, not necessarily I mean right right in their complaint they make their class claims, and then you know the documents that they use in their second motion or renewed motion for class certification. They had all of those documents so they had everything they needed to file this motion for class certification. Was an answer ever filed for the initial complaint, or is the only thing that's interposed to the initial complaint, a motion to dismiss on February 2, and a motion to strike portions of the complaint. It was a motion to dismiss and emotion to strike I believe right there was no answers or I'm saying, so they didn't even have the benefit of your answer to what they had alleged in the initial complaint today. No. But keep in mind that they had all the documents that they needed to file the motion for class certification back in February, then we get to March, where they're wrangling it out with other plaintiffs attorneys and there's a joint motion to appoint lead plaintiffs Jacob Thomas Renzel and weighing you, he, which was granted by the court on April 9 2018 so right there. They're determining who's going to be the lead plaintiffs, and who's going to be plaintiffs counsel for this class certification. And that's all the way back on April 9 2018. And as the court correctly noted, Judge Becerra's order only stayed discovery. So, at the end of the day, they could have filed their motion for class certification then they've determined that they're the lead. You know they're going to be the law firm representing the lead plaintiffs in the case. And if you look at all the attachments to their renewed motion for class certification, you'll see that they had them all in their possession. So certainly the question this way. On November 11 2018 just scholar directs the parties to advise the court we're now in the regime of the amended complaint, not the initial one right. Yes, the amended. Right. So on November, not long thereafter, Judge scholar says to the parties, tell me whether you want standard or an expedited schedule, or whether you had good reason for a more protracted schedule. I'm directing you to respond to give me in essence, a scheduling order, a joint discovery plan, and a scheduling order very common kind of thing. The two of you write the judge back in January. And you say, one. You need a protracted schedule. Not a standard schedule, not an expedited schedule, but a protracted schedule. And then you say, more specifically, you propose a schedule in the event that the private securities litigation reform acts discovery stay which had already been imposed by that point. Because there was a motion to dismiss pending the discovery that they that you both suggested was assuming argue window. The stay expires by March the 20th 2019. If that was the case, then the two of you propose that a class certification motion be filed, no later than June 14 2019. Right. That's what the two of you jointly proposed. Yes, my predecessor counsel, but it was never adopted by the court. The court never said anything about that, did he know he never, in fact, complied with the rule which required him to enter some under Rule 16, some kind of discovery or a setting setting for some kind of schedule or date. He never did that, although he had asked you what your views were. You agreed. And he never responded. Is that a fair statement of what happened. Well, I think what what happened to is is that in January, January 31 2019 the clerk entered a default against center attack. So there was, you know, at that point in time, the procedural posture of the case dramatically change. Were there other defendants still wasn't shot still have a defendant. Yes. Okay, so that that wouldn't have resolved the entire application for class certification. All I'm asking is you folks agreed on a date. After he directed you to give him a date, and the date you agreed on was June the 14th 2019. He never responds and says that dates good that dates no good. It's too soon. It's too late. He says nothing. And then The stay is effectively listed lifted on June the seventh, which is the date the district court denied the motion right. Right. So at that point, the stay is gone. Within six days of the stay on discovery being lifted. The plaintiffs file a motion on June 13 seeking to certify the class. So they operated within at least their understanding and your understanding of what an appropriate timeframe was. Upon this sequence of events. I understand why they filed it on June the 13th, but that was at least within the dates that the two parties had agreed on Right, but that doesn't mean anything that the parties agreed on it because the court. And at the end of the day, they never raised any of these issues in their motion for class certification. They never said, Judge, we need more time because there's been a stay. Judge, you've never entered a discovery order with the deadlines on Why does, why does the, why does Mr. Cario's clients have to do that. I mean, if, if the burden is on the trial court to know what as soon as practical means. They should be aware of what their docket is. I mean, it's sort of, I'm really having a hard time understanding why, why the trial court. Has to be informed of of the procedure of the case. Well, but at some point, the plaintiffs attorneys if they felt that So if they felt that they didn't have what they needed to file the motion for class certification. They should have alerted the court that they need. I guess, I guess my, my, my, my, my issue is I understand if the parties had some You know, joint agreement that was never filed, but here there was a stay in order a stay in place that was entered. So it wasn't unknown to the district court judge that there was a stay in place. It wasn't like some secret Probation that you guys came, you know, decided upon and you didn't tell the district court. Right. But that was just to stay with respect to the discovery. And here, you know, the, the plaintiffs could have alerted the court to their need for discovery or alerted the court to the prior joint agreement, but they never alerted the court at all. It is my, it's my understanding that you although you were in default, you did file an answer to the motion for certification and you did not argue that it was untimely it do I have that right. That is correct. So that was that was stricken. But that there was even less reason for the plaintiff to have to tell the court that it was obviously timely when you didn't even object on timeliness ground. But the plaintiff knows that the rule says it's an early practicable time. You know, plaintiffs are experienced class counsel, they know it's an early, what is an early practical time mean beyond the fact that the onus is on the court, not the lawyer. What is an early practical time in a complex securities for a case where of the 18 months that have traveled from the opening bell to the closing bell in this case in at least 14 and a half of those 18 months. All discovery and other proceedings were stayed automatically by operation of law. I think that the state just applied to the discovery but I would think the early practicable time under these case specific facts would be no later than when Judge King granted the joint motion to appoint the lead plaintiff Jacob Thomas Renzell and when you figured out who was going to be the lead plaintiff for the lead plaintiff. That was April 9 2018 well before June 13 2019 over 14 months before I think under the case specific facts of this case, that would have been the early practicable time. And one issue that I want to touch on that we haven't addressed is, is, at the end of the day, in the related criminal case. The court has denied the plaintiffs motion for restitution at Mr Sharma sentencing the principle of center fact, and she on November of 2019 ordered a preliminary order of forfeiture at his sentencing she's found that restitution is impracticable. So, the, the plaintiffs are going to be compensated and all the ether that they're seeking in the civil class action has been seized by the government. Let me ask you, is that part of the record evidence in this case. Judge they filed the notice of related cases in the docket and I don't have the docket entry in front of me but I can get it. And I think the court can take judicial notice of that of that document. And at the end of the day, all of that ether, everything we're fighting about everything we're here about today is property of the government judge show field in the southern district of New York is about to enter a final order of forfeiture and begin the remission process. Miss cases could have a potential impact on the alleged victims getting back their money. Your point is very practical one. There's nothing left. Whatever it is, it'll go to the government it's gone with the wind, and the lawyers are doing nothing more than arguing an abstract matter where there's no likelihood of any recovery. That's a very practical point that you might have raised with your colleague in in seeking a settlement but I'm not sure that affects the question of whether the trial court abused its discretion or not in dismissing the certification motion as being on time. Have I misapprehended that I'm not sure how I can calculate that into the question of whether or not there's an abuse. I'm raising that practical concern if this court's going to send this case back to Judge scholar for him to reconsider his order but at the end of the day we think Judge scholar was well within his discretion, given the particular facts, especially this April 9 2018 date where Judge King granted the joint motion to appoint the lead plaintiffs. Thank you. Thank you, Mr curriculum. Mr carry out, you have four minutes remain for rebuttal. Oh, Mr career you're muted. Thank you. First off, I'd like to ask you to begin where your colleague ended on that very practical observation that you're really fighting over nothing, because even if you succeed, and we reverse and remand to the district court on the grounds that it was an abuse of discretion to to deny the motion for class cert on timeliness grounds, there's nothing left the rest, whatever the res is it's gone, or it'll be in the pocket of the United States of America. Therefore, while there's a live case of controversy and you're entitled to an answer. Is it really worth litigating over this issue. Yes, we believe it is. First off, those Ethereum, that's not all of the assets that center tech raised from the victims here, that's just what the government is attempting to forfeit, and that forfeiture attempt is in no way near final. The plaintiffs in this case, recently filed a, an amended petition to contest that forfeiture proceeding so it's not a done deal in any sense. All right, I didn't mean to cut you off from the argument I was just curious about that. Since he ended on that point. Center tech race significantly more than those Ethereum cryptocurrency units. So, I'd like to clarify that the proposed schedule that wasn't in joint agreement between the parties that was defendants proposed schedule, the schedule that we proposed in that same rule 26 effort board was one where akin to the regular schedule that the So, I'm sorry I didn't hear. 2019. Okay, so it was either June the 14th or November of 19. Right. But for the June the 14th deadline that was premised on the idea that the discovery stay would have been lifted in March, and that's not what happened here, the discovery stay wasn't lifted until June, so it would have been pushed a few months anyway. It wouldn't have been June 14, if, if the court entered their proposed methodology. Because you're the whole point of it was for you to have a time for discovery after the motion to dismiss was decided. Yes, and it's not only plaintiffs that would have wanted discovery defendants were wanted as well to probe the adequacy of our clients. And with respect to you need discovery here. Beyond the face of your complaint to establish the requirements of 23 a numerosity particularity, etc etc commonality and be three requirements in order to see class or, or could you have sought class certification. Even without discovery here. We believe that our class certification papers would have been significantly stronger with discovery, as it was in the renewed motion we're certainly given what the judge said about the ascertain ability issue that's clear, but I'm simply asking, was there not enough was there enough in the complaint to seek certification. Before the discovery process even began. Potentially, but that wouldn't have been a wise, that wouldn't be a wise move in any sort of class actually they might have turned around and said or the judge might have said is premature, we've had no discovery. I'm sure defendants would have said that. Sure. But technically, I suppose it's possible that we could have moved. But that wouldn't have been a wise decision. With respect to Mr. mentioned of the April lead plaintiff appointment. That is a procedure that's built into the appeals sorry that has nothing to do with rule 23 that is a required notice and lead plaintiff appointment procedure that is completely separate and apart from rule 23 so that has no. That's not that shouldn't be an indicator as to when we could have found the motion certified. Yeah. And I just like to go back to what Judge Marcus mentioned earlier about rule 23, putting the onus on the judge. In this case we didn't. There was nothing more we could have done we asked for schedule. We even asked for expedited discovery a couple times, and it was out of our hands and when the judge orders to move for for default judgment in June, we did what we had to. What would have happened if you didn't move at that point. And you waited until the final default judgment was entered against the remaining defendant. Could you sort certification of the class. Once the final the full judgment was entered by the court. So a class in, if you want to get a final default judgment on behalf of class you need to get it certified first know you're missing my question. If you had waited until after the judge ruled on the motion for a default judgment, which has to be filed because And if the court had entered such a judgment in the case, then you could not have come back post judgment and said, By the way, we're seeking a certification of a class, it would have been too late at that point. Right. Yes. Any conclusion Mr carry on. I think I just like to stress that we followed all the rules we did everything we could. I don't know what we could have done differently. Thank you very much to both of you. And Mr correctly it was nice to see you. Good to see you, Your Honor. Have a great day. Thank you very much and we'll take the matter under advisement. Thank you. Thank you to both of you.